Common Pleas Court of Holmes County.

L. W. BROWN V. BOARD OF EDUCATION, CLARK TOWN-
SHIP, ET AL.

Decided December 4, 1932.

*Garver* and *Badger,* for plaintiff.
*Elmo M. Estill,* for defendant.

PUTNAM, J.

This is a case in which the plaintiff is suing the defend-
ants for transportation for his son V. W. Brown for $441.00
for transportation for the said son to high school for 173½
days in the school year 1929 and 1930 and 166½ days in
the school year 1930 and 1931. It appears from the peti-
tion that the plaintiff is a resident tax payer of Clark town-
ship, Holmes county, Ohio, and the father of said V. W.
Brown, a child of compulsory school age; that he has fin-
ished the grade schools and eligible to admission to high
school work; that no high school is maintained in said Clark
township nor is high school work furnished in any of the
grade schools and that the nearest high school in another
district is about seven miles away; that in June 1930 the
plaintiff requested the Board of Education of Clark town-
ship to furnish high school work within four miles of his
residence or to furnish transportation for his son to high
school or to provide board and lodging for his children in

Baltic, the nearest high school, all of which the defendant, board failed to do; that in July 1930 plaintiff requested the County Board of Education to furnish high school privileges within four miles of the plaintiff's residence or transportation to the Baltic High School or board and lodging at Baltic for his said son.

The plaintiff then avers,

"That on August 30, 1930 the Homes county board of education recommended that the Clark township board of education pay transportation to L. W. Brown for his said son, V. W. Brown. That on or about the 9th day of December, 1930, the county board of education of Holmes county, Ohio notified the Clark township board of education that the county board of education recommended that the Clark township board of education pay L. W. Brown his transportation for his son, V. W. Brown."

It must first be observed that the laws of the state of Ohio with reference to transportation of high school pupils was radically changed by the repeal of Section 7764-1 in the 111th Ohio Laws, page 123, which went into effect July 11, 1925. As was stated by Judge Allen in *State ex rel Beamer,* 109 O. S,. page 143,

"This section required that boards of education shall provide high school work for pupils who have finished the elementary work and who are within the compulsory school age, except those who live within four miles of a high school and those for whom transportation to a high school has been provided. This obligation is mandatory. The section does not merely authorize the board of education to provide work in high school branches, it requires them to provide work in high school branches within four miles of the residence of every child who comes within the provisions of this section."

Later on in June 1925, Judge Allen again interpreted the school laws in the case of *Sommers* v. *Board of Education,* 113 O. S., page 177 and in this case held that, in substance,

"If a board of education failed to comply with one of the options given in section 7764-1, a parent had a right without any contract whatsoever to transport his children to high school and could collect from the board of education a reasonable value of that service."

At this time, to-wit: The summer of 1927 when the legislature was in session, this question of transporting pupils to school was one which was highly agitated. On the one hand parents were demanding transportation according to law. On the other hand boards of education were complaining that they did not have money with which to furnish this transportation and this situation was brought to the attention of the legislature and action was taken by them concerning it. They repealed Section 7764-1 and amended Section 7764 and in so doing they evidenced their intention of relieving the school boards of the burden of transportation of high school pupils except under one condition and they made this condition plain. Section 7764 as amended contains this language with reference to transportation of high school pupils.

"Transportation of high school pupils under this section shall be in accordance with Section 7749-1."

Section 7749-1 provides as follows:

*"The board of education of any district except as provided in 7749 may provide transportation to a high school within or without the school district; but in no case shall such board of education be required to provide high school transportation except as follows: If the transportation of a child to high school by a district of the county school district is deemed and declared by the county board of education advisable and practicable.* The board of education of the district in which the child resides *shall* furnish such transportation."

Outside of the situation where the schools of a district are centralized and that condition does not apply to the instant case, this section provides the only circumstance under which it is mandatory upon the board of education to transport high school pupils.

As to whether or not such a law is wise and advisable this court has nothing to say. Courts do not legislate and have no power to change the provisions of a statute by judicial conclusions.

The first question raised by the demurrer to be considered is: Did the board of education of the Holmes county

school district comply with the provisions of Section 7749-1, General Code, so as to make it mandatory upon the board of education of Clark township school district to furnish transportation in this case? In any event it appears from the face of the petition that no action was taken by the board of education of the Holmes county school district which concerned the transportation of the plaintiff's son for the school year 1929 and 1930.

The Court of Appeals has held in the 35 O. App., page 81 first syllabus as follows:

"Substantial compliance by the county board of education with the provisions of statute in adopting a resolution requiring district board to furnish high school children transportation held sufficient under Section 7749-1, General Code."

In other words, it is not required that the county board of education shall make a technical compliance with this section but substantial compliance by the county board is sufficient.

The only difficulty in deciding this case is in determining whether or not the action of the Holmes county board of education was a substantial compliance with the section. In the case in the 35 O. App., page 81, the school board actually passed a resolution stating that they deemed it advisable and practicable that such transportation be provided and the township board was requested to pay the transportation. They did not in the resolution use the word 'declare,' however, the court held that when a county board notified the local board of their resolution and when they passed the resolution that was a sufficient declaration of their deeming it advisable and practicable.

However, in this case, in order to hold that the action of the board is a substantial compliance with the statute it would be necessary to hold that the resolution or action of the board would be sufficient in the absence of any language in the resolution deeming transportation advisable and practicable. It is claimed by the plaintiff that the word recommended is synonomous with deem. Without going into a technical definition of the terms, even were that true,

there is nothing in the record or allegation of the petition which shows that the defendant, board, determined that transportation was advisable and practicable. It is argued by the plaintiff when the board recommended that was simply the result of a previous determination that they must have deemed it advisable and practicable. However, that is an assumption which might not be true. The board might have recommended it for other reasons. They may have deemed it expedient. If the legislature intended to fix the mandatory duty on local boards to furnish transportation to high school upon the advice or recommendations or suggestions of county boards of education they should have said so by statute. They did not say so but said that they must "deem and declare such transportation advisable and practicable." To hold that the word recommend supplies this finding would be for this court to enact legislation. The fact that the county board recommended this is not even a substantial compliance with the statute. It is a total failure to comply therewith.

Had the county board passed a resolution in accordance with this statute, then, of course, the plaintiff would have a cause of action for this transportation. The fact that the couny board failed to do so is the fact which deprives the plaintiff of his right of action. The court personally believes that the plaintiff should be paid for transportation in cases of this kind, but the belief of the court in law does not give the right of action. The county board has the determination of that question in their own hands.

Another thing, the petition does not state that a resolution was passed by the county board. As a matter of fact, none was. Possibly this fact cannot be legitimately considered for the purpose of this demurrer because it would be presumed under the statement in the petition when the board recommended, they did it by proper action.

For the above reasons the demurrer will be sustained.